No. 26,363.

SECURITY STATE BANK, *Appellant,* v. SUE JONES, Administratrix,
etc. (A. A. DOERR MERCANTILE COMPANY, Intervener, *Appellee)*.

SYLLABUS BY THE COURT.

1. CHATTEL MORTGAGES—*Description of Property—Sufficiency.* A description
of property in a chattel mortgage which will enable third persons, aided
by reasonable inquiries which the mortgage itself suggests, to identify the
property will impart notice and be deemed to be sufficient.

2. SAME—*Description of Property—Defects in Description.* Although the de-
scription may be meager and even defective, if it gives a fair clue to the
identity of the property so that third persons by reasonable investigation
may ascertain the property which parties intended to include in the mort-
gage, the instrument must be regarded as a valid lien.

3. SAME—*Description of Property—Location.* A description of a threshing
outfit as "1 Ill. separator 40 by 64, number F. 128, with attachments thereto,
said separator now located in Kingman Co., Kan., on Hobson farm, also the
engine," is held to be sufficient to include the engine and to be sufficient
to create a valid lien thereon.

Appeal from Pawnee district court; ROSCOE H. WILSON, judge. Opinion filed
July 10, 1926. Reversed.

*J. W. Blood* and *Harvey C. Osborne,* both of Wichita, for the appellant.
*W. H. Vernon, Jr.,* and *J. S. Vernon,* both of Larned, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought by the Security Bank
to foreclose a chattel mortgage given by P. P. Jones and N. W.
Jones, on a threshing outfit and some other property. The A. A.
Doerr Mercantile Company intervened in the action and set up a
chattel mortgage given by Jones on the engine, which was part of
the threshing outfit claimed by the bank. The intervener prevailed
and the bank appeals.

While several mortgages were set forth by the bank, the only one
material to the present controversy was one executed by the Joneses
on November 25, 1919, to the bank, described as follows:

"70 acres growing wheat east ½ sec. 31, range 2, tp. 26. 1 Ill. separator 40
by 64, number F. 128, with attachments thereto, said separator now located in
Kingman Co., Kan., on Hobson farm, also the engine.

"All the above live stock and implements are to be kept on my farm east
½, sec. 31, range 8, tp. 26.

Chattel Mortgages, 11 C. J. pp. 458 n. 35, 466 n. 2; 5 R. C. L. 422.

"15 head hogs, average about one year old.
"1 Herff truck No. 1675."

This mortgage was given to secure a promissory note made by the mortgagors for $5,132.13, dated November 25, 1919, payable 180 days after date.

In its answer and cross petition the intervener set forth that on September 24, 1921, Jones executed a chattel mortgage to it upon "One No. 16350, Geiser 25 H. P. simple engine." The mortgage also covered a separator, extension feeder, cook shack and some other property, but the only property involved in this appeal is the engine. The trial court found in favor of the bank as to the wheat crop and the Illinois separator, with the attachments mentioned in the plaintiff's mortgage, but found in favor of the intervener as to the engine, cook shack, extension feeder, drive belts and tools and a steel water tank, holding that the intervener was entitled to the immediate possession of the property last mentioned, and that as the plaintiff had disposed of it and a return thereof could not be made, that the intervener was entitled to a judgment for the value of the property fixed at $1,125, and also that the intervener was entitled to damages in the sum of $157.40 for being deprived of the use and possession of the same, and judgment was accordingly entered.

Which mortgage was superior, so far as the engine was concerned, is the principal question in the case. There was some dispute in the testimony respecting the residence of the mortgagors when the bank's mortgage was executed, but the trial court settled that question when it found in favor of the bank as to the separator which was included in the mortgage. It is agreed that the controlling question on this appeal is whether the description of the engine in the bank's mortgage was sufficient to identify the property; whether the mortgage suggested inquiries or means of identification such as would give subsequent purchasers and mortgagees notice that the engine was covered by the bank's mortgage. It is manifest that the court held the description of the engine in plaintiff's mortgage was too indefinite to identify the property or give notice of a lien to the intervener. It is conceded by plaintiff that the mere reference to an engine in the mortgage without further description as to its kind, its number or location, would be defective and invalid. It will be observed, however, that the engine was described in connection with

the other parts of the threshing outfit.  There is a particular description of the separator, giving name, number, style and location, and added to that description are the words "also the engine."  As already stated, the clause naturally carries the implication that the added engine is a part of the outfit, and that the engine as well as the separator was owned by the mortgagors and was located on the Hobson farm in Kingman county.  As used, the word "also" is a copulative conjunction indicating that it is to be considered in connection with the preceding clause and is equivalent to the expression "in like manner" or "in the same manner" (Webster's International Dictionary; 2 C. J. 1164), and hence the clause following is to be regarded as connected with the preceding one and the engine to be a part of the threshing outfit and likewise located on the Hobson farm in Kingman county.  The general rule applicable to a description of property in a chattel mortgage is that if the description given is such as will enable third persons, aided by reasonable inquiries which the mortgage itself suggests, to identify the property, it will impart notice and be sufficient.  (*Mills v. Kansas Lumber Co.*, 26 Kan. 574; *Waggoner v. Oursler*, 54 Kan. 141, 37 Pac. 973; *Rudolph v. Commission Co.*, 76 Kan. 789, 92 Pac. 1103; *Wogan v. Sivey*, 95 Kan. 774, 149 Pac. 411.)  Although the description may be meager and even defective, if it fairly gives a clue to the identity of the property so that third parties by reasonable investigation may ascertain the property which the parties intended to include in the mortgage, the instrument must be regarded as a valid lien.  The location of the property at the time the mortgage is executed, if given, affords a clue by which the property may be identified.  It has been said that:

"Where the description of the property is general, its location becomes an important element, since it may be the only means of adequate identification, and in such case a specific statement of its location will cure an otherwise insufficient description."  (11 C. J. 466.)

In *Wogan v. Sivey*, supra, it was held that the naming of the person from whom the property was purchased afforded a clue toward identification.  Under the view taken the location of the engine mortgaged was stated in the instrument, since the description included it with the other parts of the threshing outfit, and a reasonable inquiry would have developed that it was on the Hobson farm in Kingman county.  Something has been said about the mortgagor owning another engine at some time, but the testimony clearly

showed that the engine involved here was the only engine owned by the mortgagor that was located on the Hobson farm and used at that time in connection with the outfit, and was manifestly the one covered by the plaintiff's mortgage. As the identification is deemed to be sufficient, the plaintiff was entitled to recover the engine as well as the separator, and of course the intervener was not entitled to any detention damages.

The judgment is reversed and the cause remanded, with direction to enter judgment for plaintiff awarding it the possession of the engine.