No. 27,921.

MILLARD KOHLER, *Appellee*, v. MACK HARLOW and R. J. O'BRIEN, *Appellants*.

(268 Pac. 122.)

Opinion filed June 9, 1928.

*Thomas M. Brady,* of Parsons, for the appellants.

*E. L. Burton* and *Carl V. Rice,* both of Parsons, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action in replevin by a mortgagee of furniture and fixtures of a restaurant. It was tried to the court, who made findings of fact and conclusions of law and rendered judgment for plaintiff. Defendants have appealed.

Paul Perry owned and operated the restaurant. Some of the furniture and fixtures had been purchased on the part-payment plan, the vendors taking a title note or chattel mortgage to secure a part of the purchase price. On June 30, 1923, he executed a note to H. Cullen for $220, due in thirty days, and secured the same by a

chattel mortgage in usual form on "all furniture and fixtures and contents" of the restaurant, properly describing it. This chattel mortgage was duly recorded. Cullen indorsed the note and assigned the mortgage to the plaintiff, Millard Kohler. Later the defendant, R. J. O'Brien, claiming an indebtedness against Paul Perry on account, brought an action and attached all the furniture and fixtures of the restaurant, and purchased the same at the attachment sale. Prior to the sale he had actual notice of plaintiff's mortgage. O'Brien then paid the vendor's title notes and chattel mortgages and sold the property, or part thereof, to the defendant, Mack Harlow. Kohler brought this replevin action against Harlow and O'Brien, who gave a redelivery bond. There was judgment for plaintiff for the possession of the property, or, in lieu thereof, the amount due on the note and mortgage held by him.

Appellants contend that Paul Perry had no title to the property mortgaged to Cullen because of the vendor's title notes and chattel mortgages. It does not appear that this question was raised in the court below. In any event it has no merit. Whatever the wording of these instruments may have been—and that was not shown—they were treated, even by defendants, as evidencing liens only. Perry had title to the property subject to such liens. Appellants contend that they had no notice of the mortgage to Cullen. The court finds otherwise, and there is ample evidence to sustain that finding. It is contended that the plaintiff was estopped from claiming title because he was present at the attachment sale and gave no public notice of his lien thereon. He did give notice to O'Brien, the plaintiff in the attachment action, who bought at the attachment sale with the notice of the claim of this mortgage. That was sufficient. (*Gray v. Zellmer,* 66 Kan. 514, 72 Pac. 228.) Appellants next contend that they did not have possession of the property at the time the replevin action was brought. By giving a redelivery bond they admitted their possession at that time and are not now in position to raise this question. (*Nye v. Weiss,* 7 Kan. App. 627; *Bank v. Martin,* 81 Kan. 794, 106 Pac. 1056.) Appellants contend that the description of the property in the mortgage was so vague and indefinite that the mortgage was void. It was sufficient for the parties to identify the property under it, and they did so identify it. (*Emick v. Swafford,* 107 Kan. 209, 191 Pac. 490.)

There is no error in the record, and the judgment of the court below is affirmed.