In the Matter of Beverly L. FUQUA,
Bankrupt.

No. 18478–B–2.

United States District Court,
D. Kansas.

July 9, 1971.

———◆———

Ralph E. Gilchrist, Wichita, Kan., for bankrupt.

## DECISION OF THE COURT

THEIS, District Judge.

The First National Bank of Howard, one of the creditors of the bankrupt in the captioned cause, has petitioned this Court for review of an order previously entered by the Honorable Robert B. Morton, Referee in Bankruptcy. The effect of this order was to deny petitioner the status of a secured creditor, as more fully set forth below. The Court notes that the question is properly before the Court and that jurisdiction is present to resolve the issue.

 Under Bankruptcy General Order Number 47, 28 U.S.C., and the applicable decisions of the federal courts, the scope of review by this Court of the Referee's report and order is rather narrow. The Court is bound to accept the Referee's findings of fact unless they are clearly erroneous. Bankruptcy General Order 47, 28 U.S.C.; Moran Bros., Inc. v. Yinger, 323 F.2d 699 (10th Cir. 1963); In re Hamill, 317 F.Supp. 909 (D.Kan.1970). In the present case there is no contention that the Referee determined the pertinent facts erroneously. The issue presented is solely one of law. This being so, no presumption of correctness applies to the Referee's conclusions of law and the same cannot be approved without this Court's independent examination and determination of the law. Solomon v. Northwestern State Bank, 327 F.2d 720 (8th Cir. 1964); In re Hamill, supra.

The findings of fact made by the Referee are not clearly erroneous and are accepted as correct by this Court after a complete review of the record. The facts as they appear from the record

and as they were found to exist by the Referee are as follows:

1. The First National Bank of Howard (hereinafter referred to as "Bank") filed a financing statement with the appropriate Register of Deeds on August 26, 1969. This financing statement was executed between the bankrupt and the Bank with the collateral being described as follows:

"4. This financing statement covers the following types (or items) of property:

All Personal Property"

2. On Feburary 23, 1970, the bankrupt executed a security agreement in the amount of $11,834.52 granting the Bank a security interest in all livestock, feed, and machinery that she possessed. In return, the Bank refinanced the livestock, feed, machinery, and milking equipment used by the bankrupt in the operation of her dairy business.

3. The bankrupt filed her voluntary petition on May 22, 1970. In the schedules attached to the petition the amount owed the Bank was listed on the schedule entitled "Creditors Holding Securities."

4. The trustee filed an objection on June 17, 1970, to the claim made by the Bank on the grounds that the claimant did not properly perfect its security interest.

Both the trustee and the claimant Bank filed briefs with the Referee addressed to the issue of whether the Bank properly perfected its security interest. The trustee argued that the description "All Personal Property" would not be a sufficient compliance with the formal statutory requisites of a financing statement. K.S.A. §§ 84–9–402 & 84–9–105(1) (c) (Supp.1969), and In re Lehner, 303 F.Supp. 317 (D.Colo.1969) were cited by the trustee in support of his position. The Bank contended that the purpose of a financing statement was to give notice to interested parties and that if a financing statement gives adequate information from which further inquiry can lead to reasonable answers, it is a sufficient financing statement. The Bank further contended that reliance upon In re Lehner, supra, was ill-founded, since the applicable sections of the Kansas code differ from those upon which the Colorado decision was based. The Bank argued that the collateral description was adequate in light of the Kansas Supreme Court decision in Emick v. Swafford, 107 Kan. 209, 191 P. 490 (1920).

On these facts and arguments the Referee held the collateral description used in the financing statement was insufficient to perfect the security interest the Bank now asserts. The Bank's claim was then allowed by the Referee as an unsecured obligation. Thereafter, the Bank filed the present petition for review, urging that the Referee erred in requiring the collateral description be set forth with greater specificity, by disregarding the notice procedure established by the Uniform Commercial Code, and in relying upon In re Lehner, supra, rather than Emick v. Swafford, supra. The Referee certified the question presented as being:

"Was the challenged description in the financing statement sufficient, under the Kansas Uniform Commercial Code, to perfect a security interest against the trustee in the particular items of livestock and farm equipment set out in the unrecorded security agreement?"

The short answer to this question is "No."

The Kansas legislature has established the procedures and requirements for preparing financial statements and for perfecting security interests. As to the formal requisites of a financing statement, K.S.A. § 84–9–402 provides in pertinent part as follows:

"(1) A financing statement is sufficient if it * * * contains a statement indicating the types, or describing the items, of collateral. * * *"

In the Kansas comment to this section, it is stated:

"The requirements are: (1) signatures and addresses of both parties; (2) a description of the collateral by type or item. When the collateral is crops or fixtures, the statement must also contain a description of the land involved. (See 84–9–110 regulating descriptions.). * * * "

Thus, the drafters of the Kansas Code affirmatively recognized that all Section 84–9–402 descriptions were to be governed by the Code provisions of Section 84–9–110.

K.S.A. 84–9–110 states what is considered to be sufficient description for purposes of the Kansas Uniform Commercial Code as follows:

"For the purposes of this article any description of personal property or real estate is sufficient whether or not it is specific if it reasonably identifies what is described."

The official comment to this section states in pertinent part as follows:

"The requirement of description is to make identification of the personal property or real estate possible and the test of sufficiency is simply that the description make possible the identification of the thing described. The tests therefore one of 'reasonable identification.'

"Kansas is in substantial accord. The description must be such as will enable third persons, aided by reasonable inquiries which the instrument itself suggests, to identify the property. Even though the instrument lacks details, if it gives clues sufficient that third persons by reasonable care and diligence may ascertain the property covered, it is adequate. * * * However, it is sufficient if the description is simply of 'all personal property' of the debtor in a certain county."

The description "All Personal Property" did not comply with the applicable statutes or with the case law in point. The Bank argues that the Kansas Supreme Court decision of Emick v. Swafford, 107 Kan. 209, 191 P. 490 (1920), is directly in point. This Court holds that the *Emick* case is in point but that the Bank did not comply with the requirements established therein. As previously noted herein, the drafters of the Kansas Code specifically enumerated the requirements established by the *Emick* decision and included those enumerations in the Kansas Comment to Section 84–9–110. A close reading of Kansas cases indicates that the Kansas Supreme Court has required only such description of secured property as will identify that property. Kohler v. Harlow, 126 Kan. 215, 268 P. 122 (1928); Emick v. Swafford, supra. The Bank's argument that geographical delineation is not necessary under Kansas case law is entirely without merit.

Additionally, the Court notes that the wording of K.S.A. 84–9–110, " * * * any description of personal property. * * * is sufficient," implies more specificity than the use of the generic term "personal property," and that the mere adding of the word "all" hardly clarifies the what and where of the property intended to be covered in the secured transaction. This Court, even though the statutory wording between the Colorado and Kansas version of the Uniform Commercial Code may differ somewhat, likewise considers Judge Doyle's decision in In re Lehner, supra, to be aptly authoritative. Finally, the able counsel for the appellant Bank vigorously argues that the Referee did not, and this Court should, give due deference to what he and other lawyers intended to accomplish in the Kansas Uniform Commercial Code, viz., the underlying philosophy of the Code in doing away with detailed description and providing a method of inquiry for the extent of the secured property. Suffice it to say, this Court has considered this argument, but believes the statutory wording of the Kansas Code belies the solution suggested. A creditor, such as a bank, parting with its money on a loan, has a larger duty of description than the

mere use of general language such as "All Personal Property," which may raise in itself a debate as to exactly what property of debtor was covered.

The Referee correctly held that the Bank failed to properly perfect its security interest and must therefore be relegated to the status of an unsecured creditor. K.S.A. 84–9–302. The order of the Referee denying the First National Bank of Howard a secured creditor status, is affirmed.