**In the Matter of Beverly L. FUQUA, Bankrupt.**

**Arthur G. JOHNSON, Trustee, Appellee,**

v.

**FIRST NATIONAL BANK OF HOWARD, Claimant-Appellant.**

**No. 71–1560.**

United States Court of Appeals, Tenth Circuit.

June 13, 1972.

David G. Arst, Wichita, Kan. (Arthur G. Johnson, Wichita, Kan., on the brief), for appellee.

Stan E. Wisdom, Wichita, Kan. (Jochems, Sargent & Blaes, Gerald D. Haag, Wichita, Kan., and David A. Brace, Moline, Kan., on the brief), for claimant-appellant.

Before LEWIS, Chief Judge, DOYLE, Circuit Judge, and WINNER, District Judge.

WINNER, District Judge.

On August 26, 1969, appellant Bank filed with the appropriate Kansas Register of Deeds the financing statement required by Kansas statute in support of financing later furnished Beverly L. Fuqua. That financing statement said:

"4. This financing statement covers the following types (or items) of property:

"All Personal Property."

On February 23, 1970, Beverly L. Fuqua executed a promissory note payable to the order of the Bank in the amount of $11,574.11, and, contemporaneously with the execution of that note, she signed a security agreement in the Bank's favor giving a security interest in:

"All livestock, feed, and machinery to include, but not limited to the following:

| "26 Holstein Cows and | | |
|---|---|---|
|    Ayshires | $ 275.00 | $7,150.00 |
|   3 Heifers and Calves | 200.00 | 600.00 |
|   2 Dry Cows | 200.00 | 400.00 |
| 12 Calves | 100.00 | 1,200.00 |
| | | $9,350.00 |

"DeLaval Milking Equipment"

A voluntary bankruptcy petition was filed on May 22, 1970, and the issue here involved is whether the First National Bank of Howard is a secured or an unsecured creditor of the bankrupt. The Trustee says that the "all personal prop-erty" property description of the financing statement was inadequate to perfect the Bank's security interest under the Kansas adaptation of the Uniform Commercial Code, while the Bank argues that the financing statement did perfect such a security interest. On stipulated facts, the Referee held that the financing statement did not meet the requirements of the Kansas Code, and the District Court affirmed, 330 F.Supp. 1050.

K.S.A. 84-9-402 provides:

"(1) A financing statement is sufficient if it . . . contains a statement *indicating the types, or describing the items,* of collateral . . ." [Emphasis supplied.]

The Kansas comment on this section says in material part that "the requirements are . . . (2) a description of the collateral by type or item." As noted by the trial judge, K.S.A. 84-9-110 discusses the sufficiency of a description and makes clear that the test is one of reasonable identification. The Kansas comment on 84-9-110 says:

"Kansas is in substantial accord. The description must be such as will enable third persons, aided by reasonable inquiries which the instrument itself suggests, to identify the property. Even though the instrument lacks details, if it gives clues sufficient that third persons by reasonable care and diligence may ascertain the property covered, it is adequate . . . However, it is sufficient if the description is simply of 'all personal property' of the debtor *in a certain county.*" [Emphasis supplied.]

The limiting language of the official comment to "all personal property of the debtor *in a certain county,*" must surely stem from the decision of the Supreme Court of Kansas in Emick v. Swafford (1920), 107 Kan. 209, 191 P. 490, where, under earlier Kansas law, that Court upheld such a description. *Emick* held:

"An objection is made to the validity of the mortgage as against the appellees on the ground that the property intended to be covered is not so de-

scribed as to make the instrument enforceable as to them. The description, which follows a recital that the property was in the possession of the mortgagor, reads: 'All my personal property of every kind and nature.' A provision follows as to the effect of an attempt to remove it from Cloud county, carrying a necessary implication that it was then located there, so that the mortgage by its terms covered all the personal property owned by Ferguson, and showed that it was in his possession and in that county."

Certainly, the phrase "all personal property" does not even approach a description of property by type or description as is required by K.S.A. 84–9–402(1), and there was no recitation of the county in which the personal property was located which would presumably validate the description under the comment on K.S.A. 84–9–110. Moreover, when the Kansas Legislature said in K.S.A. 84–9–110 that, "any description of personal property . . . is sufficient," it must have intended that some description was required to elaborate on the naked phrase "all personal property."

In re Lehner (1969 D.C.Colo.) 303 F. Supp. 317, construed the Colorado version of the Uniform Commercial Code which differs in immaterial particulars from the Kansas Code. There the finance company loaned money on a tapedeck, speaker and television set, and the financing statement described the property as "consumer goods." The Colorado statute is identical in saying that the financing statement must contain "a statement indicating the types, or describing the items, of collateral." The Court there held:

"While the Comment states that the financing statement is sufficient if it puts potential creditors on inquiry notice, the statutory language of § 155–9–402 clearly requires some specificity of description—the financing statement must indicate the *type* or describe the *item* of collateral. [Emphasis by the Court.]

. . . . . .

"The use of the term 'consumer goods' fails, as we have shown, to satisfy this section. It is too broad, general and meaningless to fulfill the demand of § 9–402(1) that the financing statement at least reveal 'the types.' "

On appeal, this Court said, per curiam, Household Finance Corporation v. Kopel (1970) 427 F.2d 357:

"There are no Colorado decisions in point. In such circumstances we accept the district court's interpretation of its state law unless we are convinced that it is clearly wrong. In re Cummings, 10 Cir., 413 F.2d 1281, 1285, cert. denied sub nom. Sears, Roebuck & Co. v. Horton, 397 U.S. 915, 90 S.Ct. 918, 25 L.Ed.2d 95. The comprehensive briefs of Household Finance do not convince us that the district court was clearly wrong. Accordingly, the judgment is affirmed on the basis of the decision of the trial court reported as In re Lehner, D.C.Colo., 303 F.Supp. 317."

We have not overlooked appellant's argument that K.S.A. 84–9–402(5) should change the result here,[1] but the trial court held in effect, and we agree, that the financing statement does not substantially comply with all statutory requirements and that the errors were more than minor.

We accept the trial judge's interpretation of Kansas law. Affirmed.

1. K.S.A. 84–9–402(5) provides that "A financing statement substantially complying with the requirements of this section is effective even though it contains minor errors which are not seriously misleading."