**In re Julian Harold WERTH and Elaine Jane Werth, Bankrupts.**

**FIRST NATIONAL BANK OF WAKEENEY, KANSAS, Plaintiff,**

v.

**James R. BARR, Trustee, Defendant.**

**Nos. 76–480–B6 and 76–461–B6.**

United States District Court,
D. Kansas.

Dec. 30, 1977.

Donald B. Clark, Wichita, Kan., for Bank.

George E. Grist, Wichita, Kan., for Bankrupts.

James R. Barr, Wichita, Kan., for Trustee.

MEMORANDUM AND ORDER

THEIS, District Judge.

The First National Bank of Wakeeney (hereinafter referred to as "Bank"), one of the creditors in the captioned case, has petitioned this Court for review of an order of the Referee in Bankruptcy denying the

Bank's reclamation complaint seeking recovery of certain farm supplies and implements on hand at the time of the bankruptcy. The effect of this order was to deny the Bank the status of a secured creditor, as more fully set forth below. The question is properly before the Court and jurisdiction is present to resolve the issue.

■ Under Bankruptcy Rule 810, 11 U.S.C.A., and the applicable decisions of the federal courts, the scope of review by this Court of the Referee's report and order is narrow. The Court is bound to accept the Referee's findings of fact unless they are clearly erroneous. See, e. g., *Moran Brothers, Inc. v. Yinger*, 323 F.2d 699 (10th Cir. 1963); *Washington v. Houston Lumber Co.*, 310 F.2d 881 (10th Cir. 1962). The clearly erroneous rule does not apply, however, to questions of law or to mixed questions of fact and law, and the Referee's findings in these matters cannot be approved without this Court's independent determination of the law. *Stafos v. Jarvis*, 477 F.2d 369 (10th Cir. 1973), cert. denied 414 U.S. 944, 94 S.Ct. 230, 38 L.Ed.2d 168 (1973).

In the present instance there was no dispute as to the facts, and on the basis of the stipulations of the parties the Referee decided the sole issue was the sufficiency of the language in the financing statement to perfect the lien as against the trustee. The Referee's memorandum decision contained the following summarization of the case:

"Bankrupt Julian Harold Werth's extensive borrowings from Bank commenced December 13, 1974 with a loan of $200,000. The obligation was collateralized, in part, by a Uniform Commercial Code security agreement granting Bank a security interest, *inter alia*, in a number of specifically described items of farming machinery and equipment. This was followed, some two weeks later with the filing of a U.C.C. form financing statement containing the following language setting out the property thereby covered:

'All equipment now owned or hereafter acquired by debtor.'

The schedules of bankrupts' voluntary petition, filed March 15, 1976, list the following under the heading of farming supplies and implements on hand at the time of the bankruptcy:

'Case; [sic] J. Deere & IHC tractors; J. Deere combine; disc; Hesston hay equipment, chuck wagon; swather; baler; and misc.'

. . . . .

The trustee's challenge to Bank's claim of secured position is under trustee's rights as a hypothetical Section 70c. [sic] judicial lien creditor. He also invokes K.S.A. 84–9–301 which expressly subordinates an unperfected lien to the rights of a trustee in bankruptcy."

The only brief filed was that of the Bank. In its brief the Bank contends that the financing statement was sufficient to perfect a security interest against the trustee in the particular items of farm equipment set out in the security agreement. The security agreement gave the Bank security interest in:

All equipment now owned or hereafter acquired by debtor including but not limited to the following:
1–1964 Case 930 Tractor
1–1963 John Deere 4010 Tractor
1–1950 IHC WD9
1–1963 Ford F–600 2-ton truck
1–1953 Ford F6 2-ton truck
1–1962 Bear Cat ensilage cutter
1–1968 Gehl ensilage cutter
1–1969 Case Swather
1–1959 John Deere Combine # 95
1–1975 11' speedmover
1–1970 John Deere
Model 125 Chuck Wagon
1–1968 Dual Loader
1–1968 Sunflower Disc
1–1968 494A Planter
1–1965 J.D. 414 Plow
1–1965 J.D. 1016 Drill
1–1955 IHC 1410 Drill
1–1965 Flex King Undercutter
1–1962 New Holland Model 280 Baler
1–1970 Gehl 120 Grinder Mixer
(Plaintiff's Exhibit "D".)

The Bank argues that the formal requisites of a financing statement are set out in

K.S.A. §§ 84–9–402 and 84–9–110, together with the official U.C.C. and Kansas comments to the cited sections. The Bank distinguishes the present case from *In re Fuqua*, 461 F.2d 1186 (10th Cir. 1972), on the basis that the description of "all equipment" here is not analogous to the description of "all personal property," which was held insufficient to perfect a security interest in the cited decision. The Bank notes that the term "equipment" is defined in K.S.A. § 84–9–109(2) as part of the classification of "goods . . . if they are used or bought for use primarily in business (including farming or a profession) . . . or if the goods are not included in the definitions of inventory, farm products or consumer goods." The Bank concludes that the purpose of filing the financing statement is to put third parties on notice that the secured party may have a security interest in the collateral described, and argues that the financing statement here was sufficient to cause any party interested in the equipment listed in the security agreement to make further inquiry which would have revealed the Bank's security interest in the disputed items of equipment.

The Referee noted that the courts in almost every jurisdiction have been called to pass upon the sufficiency of the U.C.C. financing statements, but stated that the controlling precedent was to be found in the decisions of the Tenth Circuit. *In re Fuqua*, supra, was viewed as pertinent because it involved the Circuit's determination of Kansas law in very similar circumstances. The Referee also noted that the Tenth Circuit had affirmed a holding that the generalized collateral description of "consumer goods" in a financing statement was likewise insufficient to perfect a security interest under identical provisions of the Colorado statutes. *In re Lehner*, 427 F.2d 357 (10th Cir. 1970). The Referee concluded:

"This court's analysis of the foregoing authorities compels the conclusion that the generalized collateral description employed here of simply 'all equipment' without even a designation that it was farming related and without any indication of the location of the equipment is inadequate and did not serve to perfect the Bank's lien. As an unperfected lien it is inferior to the rights of the defendant as trustee in bankruptcy."

■ This Court concurs with the Referee. The Kansas Legislature established the formal requisites of a financing statement in K.S.A. § 84–9–402 which provides in pertinent part:

"(1) A financing statement is sufficient if it is signed by the debtor and the secured party, gives an address of the secured party from which information concerning the security interest may be obtained, gives a mailing address of the debtor and contains a statement indicating the *types* or describing the items, of collateral. . . ." (Emphasis supplied.)

In the Kansas comment to this section it is stated:

"Subsection (1) prescribes the simple formal requisites of a financing statement which is filed to perfect a security interest. The requirements are: (1) signatures and addresses of both parties; (2) a description of the collateral by type or item. When the collateral is crops or fixtures, the statement must also contain a description of the land involved. (See 84–9–110 regulating descriptions.) This section adopts a system of 'notice filing.'"

Thus, the Kansas legislators recognized that the financing statement descriptions of collateral were to be governed by the general Article 9 provision relating to the sufficiency of descriptions.

K.S.A. § 84–9–110 provides:

"For the purposes of this article any description of personal property or real estate is sufficient whether or not it is specific if it reasonably identifies what is described."

The Kansas comment to this section contains the following:

"The requirement of description is to make identification of the personal property or real estate possible and the test of sufficiency is simply that the description make possible the identification of the

thing described. The tests [sic] therefore one of 'reasonable identification.'

Kansas is in substantial accord. The description must be such as will enable third persons, aided by reasonable inquiries which the instrument itself suggests, to identify the property. Even though the instrument lacks details, if it gives clues sufficient that third persons by reasonable care and diligence may ascertain the property covered, it is adequate. . . *Security State Bank v. Jones*, 121 Kan. 396, 247 P. 862 (1926) . . . [Other citations omitted.] But an erroneous automobile or engine number is insufficient. . . . However, it is sufficient if the description is simply of 'all personal property' of the debtor *in a certain county. Emick v. Swafford*, 107 Kan. 209, 191 P. 490 (1920)." (Emphasis supplied.)

The description in the financing statement filed by the Bank—"All equipment now owned or hereafter acquired by debtor"—does not comply with the applicable statutes as interpreted by the courts and as explained in the legislative comments. The Bank argues that *Security State Bank,* supra, supports its position that if a description of equipment gives a fair clue to the identity of the property such that third persons by reasonable investigation may ascertain the property which the parties intended to include in the mortgage, the instrument may be regarded as a valid lien. The description at the center of the dispute in that case, however, was far more specific than that given by the Bank here. It stated, "1 Ill. separator 40 by 64, number F. 128, with attachments thereto, said separator now located in Kingman Co., Kan., on Hobson farm, also the engine." [121 Kan. at 396, 247 P. at 862.] The Kansas court held this description was sufficient to establish a valid lien on the only engine used in connection with the separator.

The Bank is also not aided by its argument that the term "equipment" is defined in K.S.A. § 84–9–109(2) as a part of the classification of "goods." While the term "equipment" is a legal term of art in the Uniform Commercial Code, so is the term "consumer goods." [K.S.A. § 84–9–109(1).] As previously indicated, the Tenth Circuit has affirmed a holding that a financing statement description of collateral as "consumer goods" was insufficient to perfect a security interest under similar or identical Colorado statutory provisions. As stated in the Kansas comment to K.S.A. § 84–9–109, " . . . The classification of 'equipment' is broad and includes all goods not covered by one of the other definitions."

Finally, the Bank's attempt to distinguish this case from *In re Fuqua*, supra, is unpersuasive. The addition of the words, " . . . now owned or hereafter acquired by debtor," do not enlighten the reader as to the nature of the collateral (i. e., farm equipment), or as to the location (e. g., in Trego County, Kansas). Over six years ago this Court held in a published opinion that a creditor parting with its money on a loan has a larger duty of description under the Kansas statutes than the mere use of general language such as "All Personal Property." *In re Fuqua*, 330 F.Supp. 1050 (D.Kan.1971). Even if the language used by the Bank to describe the collateral here did give some notice to third parties interested in the equipment which was the subject of the security agreement, it did not comply with the requirement of K.S.A. § 84–9–402(1) to indicate the type, or describe the items of collateral. Thus, the Bank failed to perfect its lien much the same as it would have failed had it omitted obtaining the signature of the debtor as is also required by the same subsection, assuming the provisions of K.S.A. § 84–9–402(2) were not applicable. In the latter instance the financing statement could be properly filed and afford full notice to interested third parties of the nature of the collateral and the identities of the debtor and secured party, but still fail to perfect the security interest under the system of "notice filing" created by the adoption of the Uniform Commercial Code.

Accordingly, the order of the Referee denying the Bank's reclamation complaint is hereby affirmed.

IT IS SO ORDERED at Wichita, Kansas, this 30th day of December, 1977.