585 P.2d 1096

MOGUL ENTERPRISES, INC., Plaintiff-in-Intervention-Appellant,

v.

COMMERCIAL CREDIT BUSINESS LOANS, INC., Defendant-in-Intervention-Appellee.

No. 11841.

Supreme Court of New Mexico.

Oct. 27, 1978.

Bruce E. Pasternack, Albuquerque, for appellant.

Keleher & McLeod, Russell Moore, Margo J. McCormick, Albuquerque, for appellee.

## OPINION

McMANUS, Chief Justice.

Commercial Credit Business Loans, Inc. (Commercial Credit) filed a complaint seeking replevin against A–1 Industries, Inc. (A–1). The complaint alleged that A–1 and Jerry Powers, president of A–1, entered into two contracts with Commercial Credit secured by A–1's inventory and accounts receivable. Mogul Enterprises, Inc. (Mogul) filed a motion to intervene alleging that Mogul had a prior interest in the same property. Commercial Credit moved for summary judgment alleging that its security interest took precedence over Mogul's. The trial court granted partial summary judgment in favor of Commercial Credit. Mogul appeals. We affirm the trial court's decision.

Mogul bases its claim to the A–1 inventory and accounts receivable on a document designated as "Mortgage Agreement," which was filed as a financing statement with the County Clerk. The Mortgage Agreement lists certain collateral by item (e. g., three folding-type account's work tables) and other collateral by type (e. g., trucks, cars, equipment, machinery and

hand tools). Mogul alleges that accounts receivable and inventory are included within the general language which follows the specific listings. This language reads:

> This agreement shall and does hereby apply to trucks, cars, equipment, machinery, hand tools and *all assets of A–1 Industries regardless of type or description now owned by A–1 Industries, or to be bought in the future by A–1 Industries* until all obligations of A–1 to Mogul are paid in full plus all interest, due or to become due thereon. (Emphasis added.)

The primary issue on appeal is whether the words "all assets * * * regardless of type or description now owned * * * or to be bought in the future * * *" sufficiently denote the type or item of property subject to the security interest so as to comply with § 50A–9–402, N.M.S.A.1953.

The filing of a financing statement perfects the security interest only if the statement substantially complies with the requirements of § 50A–9–402(1), which provides:

> A financing statement is sufficient if it is signed by the debtor and the secured party, gives an address of the secured party from which information concerning the security interest may be obtained, gives a mailing address of the debtor *and contains a statement indicating the types, or describing the items, of collateral.* (Emphasis added.)

Section 50A–9–402 adopts a system of notice filing designed to replace rigid description requirements. Subsection (5) provides that "[a] financing statement substantially complying with the requirements of this section is effective even though it contains minor errors which are not seriously misleading." While the description requirements have been liberalized, the language of subsection (1) clearly requires some specificity of description—the financing statement must indicate the *type* or describe the *item* of collateral. Compliance with this requirement is essential if the filing system is to operate effectively.

Cases considering the degree of specificity required by § 9–402 of the Uniform Commercial Code indicate that all-inclusive, vague language such as that presently before us is not sufficient to perfect a security interest. For example, in *In re Lehner,* 303 F.Supp. 317 (D.Colo.1969), *aff'd,* 427 F.2d 357 (10th Cir. 1970), the court held that a recorded financing statement listing "all consumer goods" as secured collateral did not comply with a Colorado provision identical to § 50A–9–402. The court referred to the following passage from Professor Gilmore's treatise on Secured Transactions:

> A filed financing statement must describe the types of collateral in which the secured party claims, or may claim, an interest. The description by "types" is understood to require a certain degree of specificity: it would not be sufficient for the notice to claim "all the debtor's property." * * * Gilmore, Security Interests in Personal Property § 15.3, at 477 (1965).

303 F.Supp. at 319.

The sufficiency of a financing statement purporting to secure "all personal property" of the debtor was considered in *In re Fuqua,* 461 F.2d 1186 (10th Cir. 1972). In construing the notice requirements of § 9–402(1) of the Kansas Commercial Code, which is identical to our statute, the court said: "Certainly, the phrase 'all personal property' does not even approach a description of property by type or description as is required by K.S.A. 84–9–402(1) * * *" *Id.* at 1188.

In *In re E.P.G. Computer Services, Inc.,* 20 U.C.C.Rptg.Serv. 1084 (S.D.N.Y.1976) the court specifically held that the phrase "all assets" failed to perfect a security interest under a similar New York statute. The court indicated that the phrase did not denote either the type or item of collateral secured and would not alert third parties to the possible existence of prior encumbrances and the need for investigation. The court also mentioned that the use of the phrase "all assets" would frustrate the purpose of § 9–402 of the New York Commercial Code.

Following the reasoning of these cases, we hold that the words "all assets * * * regardless of type or description now owned * * * or to be bought in the future * * *" fail to satisfy the requirements of § 50A–9–402. The language is too general and vague to fulfill the statutory demand that the financing statement at least reveal "the type" of collateral. The language is misleading and does not give subsequent secured parties adequate notice of a security interest in inventory and accounts receivable.

As the financing statement failed to perfect a security interest in A–1's inventory and accounts receivable, the trial court properly granted summary judgment in favor of Commercial Credit. We affirm.

IT IS SO ORDERED.

SOSA and PAYNE, JJ., concur.