186 N.J. Super. 10 (1982)
450 A.2d 1336
PINKERTON'S INC., A CORPORATION DULY AUTHORIZED TO DO BUSINESS IN NEW JERSEY, PLAINTIFFS,
v.
JOHN A. ROEBLING STEEL CORPORATION, A NEW JERSEY CORPORATED T/A JARSCO, DEFENDANTS.
Superior Court of New Jersey, Law Division Mercer County.
Decided July 2, 1982.
*11 Burton Peskin for plaintiffs (Jamieson, McCardell, Moore, Peskin & Spicer, attorneys).
*12 Bette E. Uhrmacher, Assistant U.S. Attorney, for the Economic Development Corp. (W. Hunt Dumont, United States Attorney, attorney).

Civil action
HERVEY S. MOORE, Jr., J.S.C.
On April 14, 1982 plaintiff Pinkerton's Inc. obtained a judgment against defendant John A. Roebling Steel Company (JARSCO) for the sum of $31,583.73 which remains unpaid. On April 22, 1982 the Sheriff of Burlington County served a writ of execution on Roebling Wire Co. (Wire), JARSCO's tenant, and levied on all monies due from Wire to JARSCO by virtue of Wire's present and future monetary obligations.
Plaintiff filed this notice of motion to direct payment of $31,583.73 by Wire to the Sheriff as a result of the judgment and levy. Specifically, plaintiff seeks to obtain monies due from Wire to JARSCO on three promissory notes dated September 23, 1981 and from rents due under Wire's lease of JARSCO's property located in Roebling, New Jersey. Plaintiff gave notice to the Economic Development Administration of the Department of Commerce (EDA) and consented to EDA's intervening and filing a brief in opposition.
On May 14, 1979 EDA entered into guaranty agreements with the Marine Midland Bank (bank) guaranteeing two loans made by the bank to JARSCO in the aggregate amount of $17 million. Security for these notes consisted, in part,
1. A first security interest in JARSCO'S instruments and general intangibles, including after-acquired property in the foregoing categories, created by a Security Agreement dated May 11, 1979, executed and delivered by JARSCO to the Bank. The Bank perfected its security interest by filing UCC Financing Statements on May 11, 1979.
2. A mortgage on JARSCO'S real estate situated in the Township of Roebling, Burlington County, New Jersey and recorded in Book 1479, page 1.
In addition, EDA made a $2 million direct loan to JARSCO, evidenced by a note dated January 30, 1980 in the principal amount of $2 million. This note was executed and delivered by *13 JARSCO to EDA and secured in part by a second mortgage on JARSCO's land, buildings and improvements.
On September 23, 1981 Wire endorsed over to JARSCO three promissory notes in the aggregate amount of $2,350.00. On receipt of the three promissory notes from Wire, JARSCO endorsed them over to the bank as required by the security agreements. The bank and JARSCO entered into three pledge security agreements dated September 23, 1981.
JARSCO defaulted on the loans to the bank. On February 8, 1982 EDA purchased the notes evidencing the $17 million loans and the collateral under the provisions of the guaranty agreements. The bank executed an assignment and filed a UCC-3 statement, listing EDA as the secured party. The bank also executed an assignment of mortgage to EDA. On April 27, 1982 the bank assigned to EDA all of its rights under the pledge security agreements and endorsed the notes over to EDA. JARSCO also defaulted on the EDA direct loan.
EDA opposes plaintiff's motion, urging that the three promissory notes Wire endorsed over to JARSCO are covered under the after-acquired clause in the May 11, 1979 security agreement and that it holds a security interest in those notes, prior in right to plaintiff's claims.
Plaintiff contends that the notes were not perfected due to the inadequacy of the UCC financing statement in that it failed to include the after-acquired clause. It is plaintiff's position that to perfect a secured interest in after-acquired property, the financing statement must include the after-acquired clause. Plaintiff thus urges that EDA does not have a prior interest, since the notes were acquired subsequent to the filing of the "deficient" financing statement.
This is a case of first impression in this State. In deciding this issue it is helpful to look at the purpose of the financing statement under N.J.S.A. 12A:9-402. The primary purpose of a financing statement is to put a searcher on notice that an underlying security agreement may be outstanding. *14 Maple Contractors, Inc. v. General Assignment, 172 N.J. Super. 348, 356 (Law Div. 1979). The intention of N.J.S.A. 12A:9-402 is that the inquiring party be under a duty and be able by virtue of the financing statement to make sufficient further inquiries to determine the nature of the collateral relationship. Id. at 356. The section contemplates that the complete state of affairs will be learned only after such inquiry. Bank of North America v. Bank of Nutley, 94 N.J. Super. 220, 226 (Law Div. 1967). See, also, Comment of New Jersey Study N.J.S.A. 12A:9-402; 1972 Official Comment to UCC § 9-402, par. 2; § 9-204, par. 5.
On December 1, 1981 the 1972 revisions of Article 9 went into effect in New Jersey. Although the filing of the financing statement took place prior to the application of revised Article 9, it is appropriate to accord some deference to the views of the Code drafters where they might shed light on the instant problem. IAC Ltd v. Princeton Porsche-Audi, 75 N.J. 379, 387-7 (1978). The comments in the Final Report of the Review Committee issued in May, 1971 suggest no clear change in the law was intended, but was to clarify what was always intended. The comments make clear that the financing statement need not include the after-acquired clause where the basic security agreement has the clause mentioned. Par. E-39. Under N.J.S.A. 12A:11-108, the revision of N.J.S.A. 12A:9-402 is declaratory of the meaning of the prior statute. In re Bildisco, 7 B.R. 225, 30 U.C.C.Rep. 1270 (D.N.J. 1980), aff'd 11 B.R. 1019, 31 U.C.C.Rep. 875 (D.N.J. 1981).
Under N.J.S.A. 12A:9-301, a lien creditor, which includes a creditor who has acquired a lien on property by attachment, levy or the like, takes subject to a security interest securing advances made before the lien creditor acquired his lien.
It is clear that the three promissory notes are covered by the after-acquired clause in the security agreement of May 11, 1981. The only genuine issue is whether the financing statement need include the after-acquired clause. The court finds that it does not and finds that the financing statement in this case was *15 sufficient to put all persons on notice that a security interest in the promissory notes existed. The court holds that since EDA has a security interest in the notes in question, acquired from the bank by assignment, EDA's interest is superior to plaintiff's judgment lien. Since JARSCO defaulted, EDA is entitled to immediate possession of any proceeds from those notes.[1]
Plaintiff also seeks to levy upon rents paid from Wire to JARSCO. The provisions of the mortgage make clear that in the event of a default by JARSCO, it must assign to the mortgage all rental payments due under its lease with Wire. This mortgage was properly recorded in Burlington County prior to plaintiff's claim.
Plaintiff's motion to direct payment is denied.
NOTES
[1] Perfection of security interest in promissory notes is covered by possession. N.J.S.A. 12A:9-305.