262 N.J. Super. 211 (1992)
620 A.2d 472
LLOYDS CREDIT CORPORATION, PLAINTIFF,
v.
McCLAIN HELLER INSURANCE, INC., AND TRANSAMERICA INSURANCE GROUP, DEFENDANTS.
Superior Court of New Jersey, Law Division Cumberland County.
Decided December 14, 1992.
*213 Paul T. Fader, attorney for plaintiff (Connell, Foley & Geiser, attorneys).
Richard J. Wolf, attorney for Transamerica Insurance Group (LeBoeuf, Lamb, Leiby & MacRae, attorneys).
No appearance filed by McClain Heller Insurance, Inc.
KLEINER, J.S.C.
This matter is before the court pursuant to cross-motions for summary judgment. Both movants seek the entry of an order declaring it to be the owner of insurance expirations formerly owned by defendant, McClain-Heller Insurance, Inc. [hereafter McClain].
The case presents a novel issue in New Jersey and requires this court to determine whether the description of collateral set forth within a financing statement held by the plaintiff, Lloyds Credit Corporation (hereafter Lloyds), is sufficient to render Lloyds a secured creditor.
The analysis of the issue posed must commence with the definition of insurance expirations set forth in 4 Couch on Insurance 2d § 26:428 at 407 (1960):
The term `expirations' has been defined as embodying records of an insurance agency by which the agent has available a copy of the policy issued or records containing the date of the policy, name of the insured, date of expiration, amount of insurance, premiums, property covered, and terms of insurance, such information enabling the agency to contact the insured before expiration and furnishing it with information to secure another contract. Such information is of vital assistance to the agency in carrying on the insurance business and is recognized as a valuable asset in the nature of goodwill.
*214 Expirations are general intangibles which are defined in N.J.S.A. 12A:9-106 as "any personal property (including things in action) other than goods, accounts, chattel paper, documents, instruments and money." The Uniform Commercial Code Comment to N.J.S.A. 12A:9-106 states:
The term `general intangibles' brings under this Article miscellaneous types of contractual rights and other personal property which are used or may become customarily used as commercial security. Examples are goodwill, literary rights and rights to performance. Other examples are copyrights, trademarks and patents, except to the extent that they may be excluded by Section 9-104(a).
The Uniform Commercial Code, as adopted in New Jersey, provides that a security interest in general intangibles may only be perfected by filing. Actual possession of insurance policy expirations, defined as general intangibles above, is insufficient to create a perfected security interest. N.J.S.A. 12A:9-305.
The crux of the issue presented to the court arises from two separate business transactions involving McClain.
On November 1, 1985, defendant, Transamerica Insurance Company [hereafter Transamerica], entered into an agency agreement with McClain. The agreement provided that ownership of all the records and control of all expiration of insurance business placed with Transamerica shall become vested with Transamerica if McClain failed to make payments when due. This security agreement specifically provided:
If the Agent [McClain] has accounted for and has made payments of all amounts due the Company [Transamerica] and continues to do so, the Agent's records, including Company Billed and Continuous Policies, shall remain the property of the Agent and shall be left in his possession. Otherwise, the records and the use and control of all expirations of the business placed with the Company shall become vested in the Company for sale, use or disposal as it deems fit to reduce the amount of indebtedness.
McClain did not execute a separate financing statement naming Transamerica as a secured party. Thus, Transamerica became the holder of an unperfected security interest in the insurance expirations of McClain.
*215 On December 28, 1987, McClain entered into a franchise agreement with plaintiff, Lloyds, which was engaged in a premium financing business. Lloyds agreed to advance money to McClain, to allow McClain to use Lloyds' trade name, and to assist McClain in the conduct of an insurance premium finance company.
McClain agreed to repay all monies advanced by Lloyds, with interest, and to secure that indebtedness by granting to Lloyds a security interest in "All tangible and intangible property of the debtor to the extent of the monies advanced by Lloyds Credit Corporation or due under the agreement between Lloyds Credit and the debtor."
A UCC-1 Financing Statement executed by McClain reflecting this security interest was filed with the New Jersey Secretary of State on March 28, 1988, and with the Cumberland County Clerk's Office on March 21, 1988.
On April 30, 1990, Transamerica terminated its agency agreement with McClain and assigned its interest in McClain's expirations and policy renewals in an effort to reduce the indebtedness then owed by McClain.
Lloyds filed suit on July 30, 1990, seeking possession of the expirations and obtained a Writ of Replevin directing the Cumberland County Sheriff's Office to deliver to Lloyds all of McClain's expirations. An inventory of McClain's office records revealed that some policy expiration records were missing and Lloyds, pursuant to court order, amended its complaint on February 15, 1991, to join Transamerica as a defendant.
Transamerica contends that the financing statements filed by Lloyds on March 21, 1988, and March 28, 1988, failed to reasonably describe the property to be secured and, therefore, it contends that both Transamerica and Lloyds are holders of an unperfected security interest in the McClain expirations. It is Transamerica's position that since its security interest is prior in time, it has priority over the security interest of Lloyds *216 and, therefore, is entitled to possession. Additionally, Transamerica seeks an award of counsel fees and costs.
Lloyds' cross-motion for summary judgment seeks an order declaring that the collateral description contained with the recorded financing statements is adequate. Lloyds seeks an adjudication that its perfected security interest in insurance expirations has priority over the prior unperfected security interest held by Transamerica, thus entitling Lloyds to possession of all of the insurance expirations.
N.J.S.A. 12A:9-402(1) provides:
A financing statement is sufficient if it gives the names of the debtor and the secured party, is signed by the debtor, gives an address of the secured party from which information concerning the security interest may be obtained, gives a mailing address of the debtor and contains a statement indicating the types, or describing the items, of collateral.
Thus, collateral may be described by "type" or by "items." Collateral described by "type" encompasses a variety of personalty: N.J.S.A. 12A:9-109 pertains to "consumer goods," "equipment," "farm products," and "inventory;" N.J.S.A. 12A:9-106 pertains to "intangibles," and N.J.S.A. 12A:9-105(1)(i) governs "instruments." In re H.L. Bennett, Co., 588 F.2d 389, 392 (3d Cir.1978).
Although the Uniform Commercial Code intended to make filing less cumbersome, thus permitting identification of collateral by "type," a lack of some specificity has rendered a creditor's security interest unperfected. 1. G. Gilmore, Security Interests in Personal Property § 15.3. Thus, In re Bennett, supra, at 392, ruled insufficient the phrase "all assets as contained in the security agreement executed even date herewith," where the security agreement was not attached to the financing statement nor otherwise publicly filled.
Similarly, In re Boogie Enterprises, Inc., 866 F.2d 1172 (9th Cir.1989), which involved a dispute over a security interest in general intangible settlement proceeds, declared the description, "All furniture, fixtures, equipment, personal property, machinery, inventory and accounts receivable now owned or *217 hereafter acquired," as too vague and insufficient to perfect a security interest in settlement proceeds under UCC § 9-402(1).
Additionally, Transamerica, urges support for its contention by citing National Ropes, Inc. v. National Diving Service Inc., 513 F.2d 53 (5th Cir.1975); In re Fuqua, 461 F.2d 1186 (10th Cir.1972); In re Lehner, 303 F. Supp. 317 (D.Colo.), aff'd, 427 F.2d 357 (10th Cir.1970); Mogul Enterprises, Inc. v. Commercial Credit Business Loans, Inc., 92 N.M. 215, 585 P.2d 1096 (1978); Lehigh Press, Inc. v. National Bank of Georgia, 193 Ga. App. 888, 389 S.E.2d 376 (1989), cert. denied, 193 Ga. App. 910 (1990).
Lloyds claims that it has satisfied the description requirements of N.J.S.A. 12A:9-402 citing Leasing Service Corporation v. American National Bank & Trust Co., 19 U.C.C.Reptr. 252, 263 (D.N.J. 1976), where the court held that a financing statement containing the collateral description:
In any jurisdiction where the Uniform Commercial Code is in effect lessee grants to lessor a security interest in any and all property wherever located, now or hereafter belonging to lessee or in which lessee has any interest and agrees that any security interest created by this lease secures any and all obligations of lessee to lessor.
was sufficient to serve the purpose of the notice filing provisions of N.J.S.A. 12A:9-402 so as to create a perfected security interest.
N.J.S.A. 12A:9-402 is intended to be a notice statute. New Jersey Study Comment to N.J.S.A. 12A:9-402 states:
Under the notice filing system the records are intended to give notice that a security agreement between the debtor and the secured party exists or may come into existence. The enquiring party may then resort to the parties themselves to ascertain in detail the financial relationships between the debtor and the secured party.
Similarly, Uniform Commercial Code Comment 2 to N.J.S.A. 12A:9-402 provides: "The notice itself indicates merely that the secured party who has filed may have a security interest in the collateral described. Further inquiry from the parties concerned will be necessary to disclose the complete state of affairs."
*218 In Pinkerton's Inc. v. John A. Roebling Steel Corp., 186 N.J. Super. 10, 450 A.2d 1336 (Law Div. 1982), the plaintiff claimed that a financing statement which did not include an after acquired clause was insufficient to put all persons on notice that a security interest existed in promissory notes acquired subsequent to the filing of the statement. Pinkerton's at 11, 450 A.2d 1336. The court followed the comments to N.J.S.A. 12A:9-402 and held that the statements need not include the after acquired clause where the basic security agreement had the clause mentioned. Pinkerton's at 14, 450 A.2d 1336. According to the court, the financing statement was sufficient, by virtue of the security agreement, to put persons on notice that a security interest in the promissory notes existed. See also In re Maple Contractors, Inc., General Assignment, 172 N.J. Super. 348, 356, 411 A.2d 1186 (Law Div. 1979), which states: "The intention of § 9-402 of the Uniform Commercial Code is that the inquiring party be under a duty, and be able by virtue of the financing statement, to make sufficient further inquiries to determine the nature of the collateral relationship."
Lloyds asserts that its filed financing statements put Transamerica on notice that a security interest in the expirations existed and that had Transamerica made further inquiries, it would have learned this. Indeed, the security agreement with McClain specifically grants to plaintiff a prior security interest in expirations among other property.
The security agreement specifically provided:
2. Grant of Security Interest. As security for the obligations specified in paragraph 3 of this Agreement, franchisee agrees:
(A) to grant to Secured Party a prior security interest in and first lien on franchisee's expirations, receivables, general intangibles, and personal property of whatsoever kind or nature, wherever any of the same may be located, whether the same are now owned or arise or are acquired hereafter, and all proceeds and products thereof, (all of which are hereinafter collectively referred to as `collateral'); and
(B) to grant to Secured Party a prior security interest in and first lien on the ledger sheets, files, records, documents, and instruments (including, without *219 limitation, computer programs, tapes, and related electronic data processing software) evidencing or relating to the collateral.
Under N.J.S.A. 12A:9-402(1), notice filing was designed to eliminate the requirement that the actual entire security agreement be filed, which method of perfection was required under prior legislation governing chattel mortgages and conditional sales agreements, but which was deemed cumbersome. Uniform Commercial Code Comment 2 to N.J.S.A. 12A:9-402.
Lloyds could have listed each "item" of collateral subject to its intended security interest, however it elected to refer to the collateral by "type," which is equally permissible. N.J.S.A. 12A:9-402(1). Lloyds' financing statement, as recorded, placed Transamerica on notice of the collateral relationship between Lloyds and McClain. Transamerica, after making sufficient inquiry, would have learned of the financial relationship between Lloyds and McClain. Obviously, the unrecorded documents creating a relationship between Transamerica and McClain did not and could not have provided Lloyds with notification of that economic relationship.
In this case, the financing statement made specific reference to an agreement between Lloyds Credit and the debtor, McClain. This reference is entirely distinguishable from the more general description proscribed by In re Boogie Enterprises, Inc., supra.
Thus, where a creditor refers to collateral by "type," as here, "intangibles" and in conjunction therewith refers the searching party to the existence of a specific contractual arrangement, which will enumerate specific "items" of collateral, the intended secured party will have met the statutory descriptive requirements of N.J.S.A. 12A:9-402(1).
Plaintiff, Lloyds Credit Corporation, is deemed to possess a perfected security interest in the insurance expirations previously owned by defendant, McClain-Heller Insurance, Incorporated. As such, Lloyds' interest is superior to the prior unperfected security held by Transamerica, and Lloyds' cross-motion *220 for summary judgment is granted. Transamerica's motion for summary judgment and its motion for counsel fees and costs is denied.