Argued April 5, reversed July 27, 1972

## J. K. GILL COMPANY, *Respondent*, *v.*
## FIRESIDE REALTY, INC., *Appellant.*

499 P2d 813

See also Or., 490 P.2d 1262.

*Howard R. Hedrick,* Portland, argued the cause for appellant. With him on the brief were Hedrick & Fellows, P. C., Portland.

*John P. Kneeland,* Portland, argued the cause for respondent. With him on the brief were Bernard, Hurley, Hodges & Kneeland, Portland.

Before O'CONNELL, Chief Justice, and McALLISTER, DENECKE, HOLMAN, TONGUE and HOWELL, Justices.

DENECKE, J.

The plaintiff, J. K. Gill Company, successfully

sued to foreclose a security agreement entered into pursuant to the Uniform Commercial Code.

Gill sold office furniture to Security Corporation Builders and Realtors. In February 1968 Security bought more furniture. To secure the sale the parties entered into a security agreement. The security agreement states the collateral is "Furniture as per attached listing." No listing was attached to the security agreement introduced into evidence. A financing statement was filed which is necessary to perfect the creditor's security interest. It states the collateral to be "Furniture as per attached listing." The financing statement on file at the courthouse had no listing attached.

The credit manager of Gill testified he prepared both the security agreement and the financing statement and he attached thereto invoices for furniture purchased by Security. According to the witness, these were invoices from September 1966 through February 1968. The witness did not know whether the invoices were attached when either Gill or Security executed the security agreement.

In April 1969 Security negotiated with the defendant Fireside Realty to sell it all of Security's personal property, including office furniture. Security informed Fireside of Gill's security interest. Fireside attempted to determine the items on which Gill claimed a security interest. The financial statement filed at the courthouse gave no information as the invoices were not attached. Fireside called Gill and a representative of Gill brought a number of loose invoices and stated it had a security interest in the furniture listed thereon. The invoices shown to Fireside at this time and the invoices it is contended were attached to the security agreement are not the same. There is a substantial difference. Fireside purchased Security's property.

ORS 79.2030 provides:

"(1) * * * [A] security interest is not enforceable against the debtor or third parties unless:
"* * * * * *

"(b) The debtor has signed a security agreement which contains a description of the collateral * * *."

The official comment to this section states:

"3. One purpose of the formal requisites stated in paragraph (b) of subsection (1) is evidentiary. The requirement of written record minimizes the possibility of future dispute as to the terms of a security agreement as to what property stands as collateral for the obligation secured. * * *."

Paragraph 5 of the comment provides:

"The formal requisites stated in ORS 79.2030 are not only conditions to the enforceability of a security interest against third parties. They are in the nature of a Statute of Frauds. * * *."

The security agreement is the evidence of the contract of the debtor and creditor. It is not the instrument that gives notice to the third party of the creditor's interest in the property. Notice is provided by the filing of the financing statement. The security agreement, like any other contract, must be sufficiently certain in its terms so as to evidence the agreement of the parties.

The parties argued the sufficiency of the description in both the security agreement and the financing statement. We are grounding our decision on the description in the security agreement.[1]

---

[1] In Rusch Factors, Inc. v. Passport Fashion Ltd., 67 Misc2d 3, 322 NYS2d 765 (1971), the trial court reached the same conclusion of law.

ORS 79.1100 provides that for the purposes of the secured transactions portion of the Uniform Commercial Code, "any description of personal property or real estate is sufficient whether or not it is specific if it reasonably identifies what is described."

The comment to this section states:

"* * * Under this rule courts should refuse to follow the holdings, often found in the older chattel mortgage cases, that descriptions are insufficient unless they are of the most exact and detailed nature, the so-called 'serial number' test * * *."

The purpose of this section is stated by Gilmore to be:

"* * * [T]he intention must have been to allow existing property to be described by types if such a description gives a reasonable identification. We may particularize in an illustration. A debtor has three machines in his factory located at 50 Federal Street. The security agreement says: 'All the machines now or hereafter in the factory at 50 Federal Street.' That description should be held sufficient. The security agreement says: 'One of the machines now in the factory at 50 Federal Street.' That description should be held insufficient, whether it appears in a security agreement or a financing statement. The three machines may be of different kinds, models and values; the description can and should identify (by serial number or otherwise) the particular machine which is meant. * * *." 1 Gilmore, Security Interests in Personal Property, 350 (1965).

---

We do not decide whether the financing statement filed without the invoices attached was sufficient. A financing statement is intended to perform a different function than a security agreement and the adequacy of the description in the statement may not be judged by the same standards as the adequacy of the description in the agreement. 1 Gilmore, infra, at 345-347.

If the invoices had, as a matter of fact, been attached to the security agreement at the time it was executed the description would have been sufficient.

The trial court made no finding whether the invoices were attached. Trying this case de novo as an equity suit, we find the invoices were not attached. No direct evidence was addressed to this issue and we find the inferences preponderate for a finding that the invoices were not attached. The security agreement as introduced had no copies attached. Gill apparently had no copy with invoices attached. One of the invoices which Gill asserts was attached to the agreement, according to the date of the invoice, was prepared after the date the security agreement stated it was executed. Prior to this litigation when Gill attempted to inform Fireside what furniture was covered by the security agreement, it used a collection of invoices which were different than those it now contends were attached to the security agreement. Apparently, the parties' intention was not to include all furniture sold by Gill to Security. The financing statement on file had no invoices attached.

We hold that a security agreement describing the collateral, "Furniture as per attached listing," with no listing attached does not comply with ORS 79.2030 and 79.1100. For this reason the plaintiff has no security interest in the furniture.

Reversed.