The FIRST NATIONAL BANK OF ST. CHARLES, Appellant,

v.

CHEMICAL PRODUCTS, INC., Paul McDowell, Leona McDowell, Donald Gaston and Travelers Indemnity Company, Respondents.

No. 43904.

Missouri Court of Appeals, Eastern District, Division One.

July 20, 1982.

Charles W. Niedner, St. Charles, for appellant.

Clinton B. Roberts, Farmington, for respondents.

CRANDALL, Judge.

This appeal arises from the granting of summary judgment in favor of respondents in appellant's action for damages arising out of an alleged conversion of certain items of equipment. We affirm.

On August 2, 1971, American Mining Company, Inc., executed a promissory note and security agreement in favor of appellant granting a security interest in certain equipment. American Mining executed and delivered two financing statements to appellant who then purportedly filed them with the Secretary of State of the State of Missouri and the St. Louis County Recorder of Deeds. The statements covered many items of equipment. Appellant listed six items on the UCC–1 form followed by the parenthetical "see attached list." The "attached list" was never filed with the Secretary of State, either because of the negligence of that office or of appellant. Six of the items on the "attached list" are the subject matter of this lawsuit.

In December 1976, American Mining Company executed a promissory note in favor of Mercantile Bank of Farmington[1] and executed a security agreement in favor of respondent Chemical Products, who then perfected that interest by filing with the Secretary of State and the Recorder of Deeds in St. Louis County. The six items of equipment appeared on both the "attached list" of appellant and the financing statement of respondent Chemical Products, thus creating the conflict of priorities.

In 1978, respondent Chemical Products filed suit in the Circuit Court of St. Francois County against American Mining Company seeking to replevy the equipment because of American Mining's default on the note and violation of the security agreement. An affidavit in support of replevin was filed by respondent McDowell, the secretary of Chemical Products, a replevin bond was posted with Travelers Indemnity Company as surety and Chemical Products obtained possession of the items in question.[2]

1. It appears that Mercantile Bank of Farmington was merely the collecting agent for Chemical Products, Inc.

2. After one fruitless attempt to regain possession by self-help, respondents presented their writ to St. Louis County authorities who "kept the peace" while possession of the equipment was taken by Paul McDowell and Donald Gaston. The parties have raised the issue of

whether the property was taken by self-help, as the sheriff did not physically take possession of the property, or whether it was taken under the writ of replevin. As this "fact in doubt" is not a material one which has legal probative force as to a controlling issue, we decline to rule on it. *Peer v. MFA Milling Co.*, 578 S.W.2d 291, 292 (Mo.App.1979).

In April of 1978, after Chemical Products, Inc., had taken possession of the equipment, appellant made demand upon it to relinquish possession. Chemical Products refused to return the property without payment and informed appellant that the equipment would be sold. Thereafter some items were sold and one compressor was kept by Chemical Products.

Appellant then filed this action for conversion against Chemical Products[3] and for damages on the replevin bond against Chemical Products and Travelers. The trial court granted the separate motions for summary judgment of Chemical Products and Travelers. This appeal ensues.

 In ruling on a motion for summary judgment, the trial court and the appellate court must scrutinize the record in the light most favorable to the party against whom the motion for summary judgment was filed and against whom judgment was rendered, and must accord to that party the benefit of every doubt. Summary judgment is a drastic remedy and is therefore inappropriate unless the prevaling party has shown by unassailable proof to be entitled thereto as a matter of law. If a genuine issue of fact exists, summary judgment cannot be granted. The genuine issue of fact exists when there is the slightest doubt about the facts. However, the fact in doubt must be a material one which has legal probative force as to a controlling issue. *Union Electric Co. v. Clayton Ltd.*, 634 S.W.2d 261 at 263 (Mo.App.1982) (citations omitted). Viewed by this standard, we find that the trial court properly granted summary judgment to all respondents. As the separate motions alleged divergent grounds, we shall discuss them individually.

The dispositive issue raised between appellant and Chemical Products is the question of priority of their security interests in the equipment in question. If appellant perfected its security interest before Chemical Products perfected its interest, then summary judgment for respondents would not be appropriate. We find, however, that First National Bank of St. Charles failed to perfect its security interest.

A security interest is perfected when it has attached and when all of the applicable steps required for perfection have been taken. Section 400.9–303(1), RSMo 1978.[4] As none of the exceptions listed in § 400.9–302 are applicable to the equipment in question, a financing statement must have been filed with the Secretary of State and the Recorder of Deeds for St. Louis County to perfect appellant's security interest under Missouri's dual-filing requirement. Section 400.9–401(1)(c). Presentation for filing of a financing statement and tender of the filing fee or acceptance of the statement by the filing officer constitutes "filing" under Article 9 of the UCC. Section 400.9–403(1).

 It is clear that appellant "filed"[5] a financing statement by mailing it to the Secretary of State. A list of the additional equipment to which the security interest attached was not filed; therefore the filing was not proper as to those items. Section 400.9–401(1)(c). The question to be determined is the effect of the improper filing on the perfection of appellant's security interest. As this is a case of first impression, we must look to the case law of other jurisdictions.

A similar issue was presented to the Third Circuit Court of Appeals in the case of *In Re H. L. Bennett Company*, 588 F.2d 389 (3rd Cir. 1978). The financing statement there identified the collateral as "[a]ll assets as contained in the security agreement (installment note) executed even date

---

3. Paul McDowell is the president of Chemical Products, Inc. Leona McDowell is the secretary. Donald Gaston is a friend of the McDowells and a customer of Chemical Products who aided in the recovery of the equipment. We will refer to them as "Chemical Products" or respondents and to Travelers Indemnity Company as "Travelers."

4. All statutory references are to RSMo 1978.

5. The statement was stamped August 4, 1971 at 8 a. m.

herewith." *Id.* at 391. As in this case the security agreement was not found with the financing statement. The Court of Appeals held that the description of the collateral was insufficient to satisfy the requirement of UCC § 9–402(1) that a financing statement contain "a statement indicating the types or describing the items of collateral." Another similar case is *J. K. Gill Co. v. Fireside Realty, Inc.*, 262 Or. 486, 499 P.2d 813 (1972), wherein the security agreement stated that the collateral was the "[f]urniture as per attached listing," yet no list was attached. The Supreme Court of Oregon held that insufficient to perfect the security interest. A third case, *In Re Toppo*, 474 F.Supp. 48 (W.D.Pa.1979), followed the *Bennett* case in holding that a description in a financing statement was insufficient with reference to assets described as "*various personal and business property and equipment* . . . as specified in the security agreement . . .*" where the security agreement was not attached. *Id.* at 51. Finally, we note *Thorp Commercial Corp. v. Northgate Industries, Inc.*, 490 F.Supp. 197, 203 (D.Minn.1980), wherein it was stated that a secured party who describes the collateral in an incomplete manner bears the loss that results from the inadequate description. Finding these cases persuasive, we hold that appellant's improper filing, which was completely devoid of the descriptions of the items of collateral in question, failed to give notice to third parties of appellant's interest in the equipment and therefore failed to establish a perfected security interest.[6]

We next turn to respondent Chemical Products' purported security interest. The record before us shows that Chemical Products filed its financing statement on December 22, 1976 at 11:04 a. m. in the St. Louis County Recorder of Deeds Office and at 8 a. m. on the same date with the Secretary of State. Therefore, Chemical Products had a prior *perfected* security interest in the collateral that takes priority by virtue of § 400.9–312(5)(a).[7]

Because appellant's filing as to the collateral in question was erroneous, it can only be effective against Chemical Products if it had "actual knowledge" of appellant's security interest. Section 400.9–401(2). The record is devoid of any allegation that Chemical Products had actual knowledge of appellant's purported security interest.[8] Since Chemical Products has a prior perfected security interest, appellant has no right to possession superior to Chemical Products. Therefore, the trial court properly granted summary judgment.

■ Appellant's next contention, that summary judgment was inappropriate because it "stated causes of action against defendant for wrongfully disposing of collateral without giving reasonable notice and in a manner not commercially reasonable," is likewise without merit. Notice of disposition is required by § 400.9–504(3) to be given to one "who has a security interest in the collateral and who has duly filed a financing statement . . . or who is known by the secured party to have a security interest in the collateral." As previously discussed, appellant does not have a perfected security interest in the equipment by virtue of its failure to "duly file" a financing statement. Furthermore, there is nothing before us to indicate that Chemical Products had actual knowledge of the purported security interest of appellant.

■ Appellant's final point is addressed to respondent Travelers' separate motion for summary judgment. Appellant contends that it was error for the trial court to sustain Travelers' motion because the order of the Circuit Court of St. Francois County dismissing the replevin bond was void for being ex parte. We disagree. Since we have resolved the issues in favor of respon-

---

6. *See also* Annot., 100 A.L.R.3rd 10, 54 (insufficient descriptions) (1980).

7. "[P]riority between conflicting security interests in the same collateral shall be determined [by] . . . the order of filing if both are perfected by filing . . . ."

8. Thomas A. Boschert, vice president of appellant Bank, filed his affidavit in opposition to respondent's motion for summary judgment. We disregard those portions of the affidavit that fail to comply with Rule 74.04(e).

dent Chemical Products, it is axiomatic that there can be no liability on the part of the surety. *See Bolivar Reorganized School District v. American Surety Co.,* 307 S.W.2d 405, 410 (Mo.1957).

The judgment of the trial court granting summary judgment in favor of all respondents is affirmed.

STEWART, P. J., and STEPHAN, J., concur.