In re Izola GIST, Debtor.

Izola GIST, Plaintiff,

v.

BENEFICIAL FINANCE COMPANY, Defendant.

Bankruptcy No. 81–01836.
Complaint No. 81–0767.

United States Bankruptcy Court,
D. South Carolina.

Oct. 28, 1982.

W. Lewis Burke, Clinical Law Office, School of Law, University of South Carolina, Columbia, S.C., for plaintiff.

J. Wesley Drawdy, Columbia, S.C., for defendant.

## ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

This case was commenced by Izola Gist as Debtor-Plaintiff filing a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code.

Thereafter, Plaintiff commenced this proceeding against the Defendant, Beneficial Finance Company, seeking to avoid Defendant's lien on certain household goods on the grounds that the lien was a nonpossessory, nonpurchase-money security interest in household goods under 11 U.S.C. § 522(f). Defendant answered by alleging that this court lacked jurisdiction because the lien pre-dated the enactment date of 11 U.S.C. § 522. Plaintiff then filed a motion to amend her complaint alleging a new cause of action. Plaintiff sought a declaratory judgment to have Defendant's lien declared void because Defendant failed to comply with the provisions of §§ 36–9–203(1)(b) and 9–110, S.C.Code Ann. (1976) requiring a security agreement to reasonably identify the collateral.

Based on this Court's decision in *In Re Kane*, 20 B.R. 700 (Bkrtcy.D.S.C.1982) it appears that this court has the jurisdiction to decide the question posed by Plaintiff's complaint. In *Kane* this Court resolved that it had jurisdiction to issue declaratory judgments. In fact, *Kane* involved a question of whether the creditor had complied with the provisions of the U.C.C. requiring a reasonable identification of the secured property.

As the Plaintiff's motion to amend was granted and Defendant failed to answer, it appears that a declaratory judgment should be granted for the Plaintiff. However, an examination of the underlying issue should

be made to determine if a judgment should issue to the Plaintiff.

In this case, the Defendant-Creditor made a loan to Plaintiff-Debtor in the amount of $963.67. Plaintiff was to repay the loan in the amount of $1,350.00 over a period of 2½ years. As security, Defendant obtained a lien. The disclosure statement and the note describe the lien as follows:

All household goods excluding motor vehicles but including household furniture, television sets, electrical appliances, stereo phonographs, furnishings, carpets, draperies, chinaware and other household goods of every kind owned by Borrower(s') and located in or about the Borrower(s') place of residence at their address shown hereon. Such Security Agreement recures all future advances on loans made by Lendor for Borrower(s') at Lender's option, within eight years of its date.

The security agreement described the collateral as:

All of the consumer goods including household furniture, television sets, electrical appliances, stereo phonographs, furnishings, carpets, draperies, chinaware and other household goods of every kind now owned by Debtors and located in or about Debtors' place of residence at their address shown hereon in the box above, as more particularly described in the form entitled "Identification of Security" and dated August 25, 1977 which hereby is incorporated into this Security Agreement by this reference.

The Uniform Commercial Code provides that "a security interest is not enforceable against the debtor ... unless ... the debtor has signed a security agreement which contains a description of the collateral ..." See S.C.Code Ann. § 36–9–203(1)(b). Such a description is sufficient only "... if it reasonably identifies what is described." See S.C.Code Ann. § 36–9–110.

Boilerplate descriptions of security interests should be carefully examined when being construed against the debtor. See *In re Laminated Veneers Co., Inc.,* 471 F.2d 1124 (2nd Cir.1973). In this case, the two above mentioned descriptions are entirely differ-

ent. The disclosure statement and the note refer to "all household goods ..." while the security agreement refers to "all of the consumer goods ..." These two terms are not synonymous and thus create an ambiguity. It has long been recognized that "household goods" means those items that may be used for the house such as tables, chairs, bedding and the like, but such items as apparel, books, weapons, tools, cattle, etc. are not so classified. *Appeal of Hoope's,* 60 Pa. 220, 100 Am.Dec. 562 (1869). The term consumer goods on the other hand includes any item purchased and used by a person.

In both *Sneed v. Beneficial Finance Co.,* 410 F.Supp. 1135 (D.Haw.1976) and *Woods v. Beneficial Finance Co.,* 395 F.Supp. 9 (D.Or.1975), the creditor was criticized for referring to the collateral as "furniture" in one part of the loan contract and as "all consumer goods" in another part. Both courts recognized the inherent inconsistency of the terms and found that the creditor had violated the Truth in Lending Act's requirement that collateral be clearly identified.

However, the inconsistency of the terms in the case at hand is not limited solely to such definitional problems. The security agreement here makes reference to another document, "Identification of Security", which purportedly contains a more particularized description of the collateral. As Defendant has not produced this document upon request for production of any relevant documents by Plaintiff, the Court must conclude that this document does not exist. In addition, the disclosure statement reveals a fee for "Filing Fees—UCC Forms." However, the Clerk of Court for Richland County reveals that no such filing was made relative to the transaction of August 25, 1977. (See affidavit filed with the Court).

Some courts have held that the reference to nonexistent attachments or listings will invalidate a security agreement. *J.K. Gill Co. v. Fireside Realty Inc.,* 262 Or. 486, 499 P.2d 813 (1972); *Rusch Tractors, Inc. v. Passport Fashion Ltd.,* 67 Misc.2d 3, 322 N.Y.S.2d 765 (1971); *In re Anderson & Son, Inc.,* 12 U.C.C.Rep. 567 (1973). In addition,

this court has held that failure to comply with the requirements of the U.C.C. will render a claimed security interest void. *In re Kane, supra.*

Due to the inherent and obvious inconsistencies in the Defendant's various agreements, this Court concludes that the Defendant has failed to comply with the reasonable identification requirement of the U.C.C.

Therefore, Defendant's alleged security agreement is hereby declared *void ab initio.*

AND IT IS SO ORDERED.