In re Dwight H. BECKER, Irene E. Becker, Debtors.

Dwight H. BECKER, Irene E. Becker, Plaintiffs,

v.

BANK OF BARRON, a Wisconsin Banking Corporation, Defendant.

Bankruptcy No. EF11–84–00413. Adv. No. 84–0143–11.

United States Bankruptcy Court, W.D. Wisconsin.

Oct. 22, 1984.

Peter F. Herrell, Eau Claire, Wis., for debtors.

Gregory A. Jennings, Chetek, Wis., for Bank of Barron.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER AVOIDING SECURITY INTEREST

WILLIAM H. FRAWLEY, Bankruptcy Judge.

Debtors Dwight H. and Irene E. Becker, by Attorney Peter F. Herrell, having filed a Complaint to avoid a security interest; and Bank of Barron, by Attorney Gregory A. Jennings, having filed an Answer; and the matter being submitted on written briefs; the Court, being fully advised in the premises, FINDS THAT:

1. On September 5, 1974, Debtors Irene E. and Dwight H. Becker granted Bank of Barron a security interest in the following items "now owned or hereafter acquired" and the proceeds of said items: all farm equipment, all livestock, milk and milk products, all accounts and contract rights acquired from the disposition of milk and milk products, all livestock feed and all farm supplies.

2. On September 11, 1974, the Bank filed a financing statement covering "All Farm Personal Property and Feed now owned and hereafter acquired. 25% Dairy Assignment" (in addition, boxes where checked claiming proceeds and products of collateral). The financing statement was continued on September 7, 1979.

3. The Debtors seek to avoid the Bank's security interest in items other than feed, a 25% milk assignment and the proceeds of said items.

4. Section 544(a) of the Bankruptcy Code, in conjunction with Wis.Stat. sec. 409.301 (Uniform Commercial Code sec. 9–301), permits a debtor-in-possession to avoid unperfected security interests. *See In re O.P.M. Leasing Services, Inc.,* 23 B.R. 104, 116, 34 U.C.C.Rep.Serv. 1656, 1663 (Bankr.S.D.N.Y.1982) (N.Y.U.C.C. sec. 9–301).

5. Under Wis.Stats. secs. 409.303(1) & 409.402(1) certain security interests may be perfected by filing a financing statement.

6.

A financing statement is sufficient if it gives the names of the debtor and the secured party, is signed by the debtor, gives an address of the secured party from which information concerning the security interest may be obtained, gives a mailing address of the debtor and contains a statement *indicating the types, or describing the items of collateral.* Wis.Stat. sec. 409.402(1)(a) (emphasis added). *See Nat'l. Accept. Co. of Am. v. Doede,* 78 F.R.D. 333, 336 (W.D.Wis.1978) (financing statement was sufficient to give "notice that further inquiry would be necessary to ascertain the existence or nonexistence of prior encumbrances").

7.

For the purposes of this chapter any description of personal property or real estate is sufficient whether or not it is specific if it reasonably identifies what is described. Wis.Stat. sec. 409.110.

8.

"Although a good argument could be made that the Code's system of notice filing is consistent with a general description, ... the courts do not look kindly on ... super-generic descriptions. The leading case is *In re Fuqua,* [461 F.2d 1186, 10 U.C.C. Rep.Serv. 936 (10th Cir.1972),] where the security agreement covered various specified items of farm machinery and livestock. The financing statement, with its "all personal property" description, was held insufficient under §§ 9–110 and 9–402, thus giving the collateral to the trustee in bankruptcy. Such a case turns on the notion that super-generic descriptions are really not descriptions at all by 'item' or 'type,' at least if the secured party is not, in fact, claiming everything under the sun. There also appears to be an unarticulated policy against creditor overreaching."

B. Clark, *The Law of Secured Transactions under the Uniform Commercial Code* para. 2.9[5][c] (1980) (footnotes omitted).

9. Super-generic descriptions are distinguishable from the generic descriptions found within the Wisconsin Uniform Commercial Code (*e.g.,* "consumer goods" at Wis.Stats. sec. 409.109(1)). *See The Law of Secured Transactions, supra* ("The creditor should be able to use an Article 9 generic catagory as part of the notice filing system."). *See generally* Wis.Stats. sec. 409.105 ("Definitions and index of definitions"—query whether "goods" would be a sufficient description). *Cf. In re Thompson,* Bankr.L.Rep. para. 63,943, 8 U.C.C. Rep.Serv. 1407 (Bankr.W.D.Wis.1971) ("all other consumer goods" includes non-fixture swimming pool).

10. Here, more was claimed in the financing statement than in the security agreement. *E.g., see In re Lyons,* WF7–83–01281 (Bankr.W.D.Wis.1983) ("livestock feed" does not include growing crops or the proceeds of same.) Accordingly, this Court need not determine whether "all farm personal property" would be a reasonable identification in a security agreement, *see generally* Annot., 100 A.L.R.3d 940 sec. 33 (omnibus descriptions or clauses in security agreements), or in a financing statement relating to such a security agreement (or to a security agreement which claims all farm personal property in generic terms), *see generally* Annot., 100 A.L. R.3d 10 sec. 26 (omnibus descriptions or clauses in financing statements).

11. The Court is sympathetic to the argument that "all *farm* personal property" is generic rather than super-generic because it approaches the specificity of such Article 9 terms as "equipment", "farm products" and "accounts".

■ 12. However, if the "types" and "items" language of Wis.Stats. sec. 409.402 is to retain any meaning, creditors that rely upon a general financing statement description to protect a limited security interest must not be permitted to stray beyond the generous and broad definitions found within the Uniform Commercial Code. *See*

*In re Bennett Co.,* 588 F.2d 389, 392, 25 U.C.C.Rep.Serv. 284, 289 (3rd Cir.1978) ("a financing statement . . ., which lists collateral *less* specifically than by reference to the catagories of personal property contained in Article 9, does not comply with the statutory imperative of identification by 'types.' ").

### CONCLUSIONS OF LAW

■ 1. The Bank has a perfected security interest in feed, a 25% milk assignment and the proceeds of said items.

2. The Bank has an unperfected security interest in all other items set forth at Finding 1 *supra.*

3. The Debtors may avoid the Bank's unperfected security interest. 11 U.S.C. sec. 544(a).

### ORDER

IT IS ORDERED THAT, with the exception of feed, a 25% milk assignment and the proceeds of said items, the Bank of Barron security interest in the items of the Debtors set forth at Finding 1 *supra* be, and the same hereby is, AVOIDED, without costs.