**In re MITCHELL BROS. CONSTRUCTION, INC., Debtor.**

**Peter F. HERRELL, Trustee of Mitchell Bros. Construction, Inc., Plaintiff,**

**v.**

**The BANK OF ELROY and the Patz Sales Corporation, Defendants.**

**Bankruptcy No. LF7–84–00735. Adv. No. 84–0234–7.**

United States Bankruptcy Court, W.D. Wisconsin.

May 10, 1985.

Peter F. Herrell, Eau Claire, Wis., Trustee.

Hollis Thompson, Mauston, Wis., for The Bank of Elroy.

John C. Kellogg, Appleton, Wis., for The Patz Sales Corp.

### FINDINGS OF FACT, CONCLUSION OF LAW AND ORDER DISMISSING COMPLAINT

WILLIAM H. FRAWLEY, Bankruptcy Judge.

Attorney Peter F. Herrell, appearing as Trustee and counsel for Trustee, having

---

in Section 523 was not made. *See Colliers on Bankruptcy*, Chapter 523, p. 523–1 (Fifteenth Edition).

**3.** *See* 11 U.S.C. § 507(a)(7).

filed a Complaint to avoid and preserve a transfer under 11 U.S.C. secs. 544 & 551; and a pre-trial conference having been held; and Mr. Herrell appearing on his own behalf (Attorney William G. Thiel on brief); and Bank of Elroy appearing by Attorney Hollis Thompson; and Patz Sales Corporation appearing by Attorney John C. Kellogg; and briefs having been filed; the Court, being fully advised in the premises, FINDS THAT:

1. On July 11, 1980, Debtor Mitchell Brothers Construction, Inc., granted the Bank of Elroy a security interest in "all Debtor's equipment, fixtures, accounts, contract rights, chattel paper, instruments, documents, general intangibles and inventory, whether now owned or hereafter acquired, and all additions and accessions to, and all proceeds and products of, any of the foregoing".

2. On July 24, 1980, the Bank filed a financing statement covering "All Business Assets now owned or hereafter acquired by the debtor."

3. A trustee may avoid unperfected security interests. 11 U.S.C. sec. 544(a), Wis. Stats. sec. 409.301.[1] *See In re Becker*, 46 B.R. 17, 18, 40 U.C.C.Rep.Serv. 310, 311 (Bankr.W.D.Wis.1984) (avoidance by debtor-in-possession), *aff'd.* 84–C–942–S, — B.R. —— (W.D.Wis. Jan. 22, 1985).

4. The sole issue remaining between the parties is whether the financing statement description is sufficient to perfect the Bank's lien.

5. Thus, the Court must answer a question left open in *Becker:* whether a super-generic financing statement description is sufficient to perfect a blanket lien[2] arising from a generic security agreement description. (If " 'the standards under 9–203 [security agreement] and 9–402 [financing statement] should not be different...' ", *see Milwaukee Mack Sales v. First Wis. Nat. Bank*, 93 Wis.2d 589, 598, 287 N.W.2d 708, 713 (Sup.1980) (dicta), then it makes no

difference whether the security interest is granted in generic or super-generic terms.)

6. The Trustee, relying on the text of Wis.Stats. sec. 409.402(1)(a) (requisites of financing statement), argues that a super-generic financing statement is insufficient because it does not "indicat[e] the types, or describ[e] the items of collateral."

7. The Bank, relying on general provisions, argues that a super-generic financing statement is sufficient because it is a simple and clear indication of a blanket lien. *See* Wis.Stats. secs. 409.110 (description is sufficient for Chapter 409 if it reasonably identifies what is described) & 401.-102 (chapters 401 to 409 to be liberally construed to promote, *inter alia*, simple and clear commercial practice).

8. The parties have exhaustingly briefed and supported their positions.

## CONCLUSION OF LAW

The Bank's financing statement description is sufficient. *Cf. Klinger v. Pocono Int'l. Raceway, Inc.*, 289 Pa.Super. 484, 494, 433 A.2d 1357, 1363, 31 U.C.C.Rep. Serv. 1223, 1232 (1981) (generic and super-generic security agreement description) ("There might be a policy in favor of requiring more detail than is provided by the Code categories when the actual interest acquired is only partial and confusion might otherwise be promoted.... Such a policy would be totally inapplicable when the visible and manifested intention of the parties is to convey a security interest as broad as Article Nine will allow in every eligible form of personal property, as this Agreement did.")

## ORDER

IT IS ORDERED THAT the Complaint to avoid and preserve a transfer be, and the same hereby is, DISMISSED, without costs.

1. Chapter 409 of Wisconsin Statutes is Wisconsin's version of Article 9 of the Uniform Commercial Code.

2. Because the Debtor is a business corporation, the Court need not and does not determine the validity of a blanket lien in other circumstances.