**In re Alfred HILL, Jr. and Laura Ann Hill, Debtors.**

**Bankruptcy No. 88–02033–BKC–ETH.**

United States Bankruptcy Court, N.D. Mississippi.

April 26, 1989.

Carter Dobbs, Jr., Amory, Miss., for Alfred and Laura Ann Hill.

Michael D. Jonas, Aberdeen, Miss., for Easy Finance of Aberdeen, Inc.

OPINION

DAVID W. HOUSTON, III, Bankruptcy Judge.

The Court has under consideration the issue of whether a violation of the Truth–in–Lending Act, set forth at 15 U.S.C. § 1601 et seq., voids the consumer credit loan contract in which the violation occurred. Easy Finance of Aberdeen, Inc., hereinafter Easy Finance, maintains that it is a secured creditor in this case and has objected to the debtors' Chapter 13 plan for the reason that the plan fails to provide any payments on its claim. A hearing on the objection was held on February 9, 1989. At that time the debtors responded by asserting that Easy Finance had been relegated to the status of an unsecured creditor by failing to adequately attach or set forth, on the loan documentation *retained by the debtors*, a list or description of the collateral securing the loan. At the conclusion of the hearing, the Court ordered the parties to submit memoranda of law briefing this particular issue. Easy Finance submitted a memorandum, but the debtors elected not to do so. The debtors concurred, however, with the legal conclusion reached by Easy Finance. Having considered the arguments made at the hearing, as well as, the memorandum submitted, the Court hereby finds, orders, and adjudicates as follows, to-wit:

### I.

The Court has jurisdiction of the parties to and the subject matter of this proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A), (B), (C), (K) and (O).

### II.

On or about June 20, 1988, the debtors executed a promissory note in favor of Easy Finance wherein they agreed to repay the sum of $870.37 in eighteen consecutive monthly installments of $65.00. To secure this debt the debtors gave Easy Finance a security interest in one G.E. stereo, one Briggs and Stratton push lawn mower, one Magnavox V.C.R., and two televisions.

The promissory note and security agreement were combined in a single page "form" document denominated as "Disclosure Statement, Promissory Note and Security Agreement."

The disclosure statement portion of the document contains the pertinent consumer information required by the Truth–in–Lending Act.

The security agreement portion of the document provides a space where the property which serves as the loan collateral can be described. The phrase "SEE ATTACHED PERSONAL PROPERTY LIST #" was typed in this space. It is undisputed by the parties that while the original document retained by Easy Finance included an attached itemized list of the collateral, the copy of the document sent to the debtors did not.

### III.

Pursuant to § 75–9–203(1) Miss.Code Ann. (1972), a security interest attaches and is enforceable when the following requirements are met:

(a) [T]he debtor has signed a security agreement which contains a description of the collateral ...

(b) value has been given; and

(c) the debtor has rights in the collateral.

Under the Uniform Commercial Code, a "description by reference" of collateral in a security agreement is permissible. A security agreement describing the collateral by referring to an attached list is valid so long as the list is in fact attached. *J.K. Gill Co. v. Fireside Realty, Inc.*, 262 Or. 486, 499 P.2d 813, 11 UCCRS 202 (1972) (Security agreement describing collateral as "furniture as per attached listing" did not adequately describe the collateral where no listing was attached.) In the matter presently under advisement, the *original* security agreement, *signed by the debtors*, contained an attached list of collateral.

Easy Finance obviously gave value to the debtors and the debtors had rights in the collateral. Accordingly, it is the finding of this Court that a valid security interest attached and is presently in force, encumbering the listed collateral.

### IV.

The failure to attach a list describing the collateral to the debtors' copy of the original security agreement in no way affects the security interest which attached under Mississippi law. However, the debtors allege that the failure to attach the list describing the collateral to the debtors' copy is a violation of the Truth–in–Lending Act which, in turn, voids the loan contract.

Section 1610(d) of the Truth–in–Lending Act expressly provides that a violation of the Act does not affect the validity or enforceability of the underlying loan transaction:

Except as specified in sections 1635, 1640, and 1666(e) of this title, this subchapter and the regulations issued thereunder do not affect the validity or enforceability of any contract or obligation under State or Federal law.

15 U.S.C.A. § 1610(d) (West 1982).

Section 1635, dealing with a debtor's right to rescind a transaction secured by real property used as the debtor's residence, is inapplicable in the present matter. Likewise, § 1666(e), dealing with the return of goods purchased with a credit card, is inapplicable.

Section 1640 specifies certain penalties that might be imposed for a violation of a disclosure requirement and is applicable in this case if a disclosure violation did, in fact, occur. However, the remedies applied by § 1640 do not supersede state law requirements applicable to the validity of the underlying contract. A contract valid under applicable state law remains valid despite a violation of the Truth–in–Lending Act. Courts have concluded that "state law determines the validity of a contract although the facts reveal Truth–in–Lending violations." *Peoples Trust and Savings Bank v. Humphrey*, 451 N.E.2d 1104, 1111 (Ind.App.1983) (citing *Ballew v. Associates Financial Services Co. of Nebraska, Inc.*, 450 F.Supp. 253 (D.Neb.1976); *Cantrell v. First National Bank of Euless*, 560 S.W.2d 721 (Tex.Civ.App.1978).) Section

1610(d) provides that a disclosure violation "does not void a contract; it does not limit the application of state law." *Id.*

Accordingly, this Court finds that even if a Truth–in–Lending disclosure violation occurred, the underlying promissory note and security agreement still remain valid. Easy Finance maintains a legitimate security interest in the collateral listed on the attachment to the original loan document. Easy Finance is, therefore, entitled to receive deferred payments equivalent to the value of the collateral as of the effective date of the Chapter 13 plan. The debtors are free to seek relief under 15 U.S.C. § 1640 which may well mitigate their obligation to Easy Finance.

An Order will be entered accordingly.